SHONAE A. FRANCIS      *     IN THE
6923 Donachie Road, Apt.C
Baltimore, MD 21239      *     CIRCUIT COURT

     Plaintiff          *     FOR

vs                      *     BALTIMORE CITY

CAESARS LICENSE COMPANY, LLC   *     Case No.:
One Caesars Palace Drive
Las Vegas, NV 89109      *
Serve On Resident Agent:
CSC-LAWYERS INCORPORATING      *
SERVICE COMPANY
7 St. Paul Street, Suite 820      *
Baltimore, MD 21202
     *

and                    *

ELDORADO RESORTS, LLC      *
Successor in Interest to Caesars
License Company, LLC      *
One Caesars Palace Drive
Las Vegas, NV 89109      *
Serve On: MARYLAND STATE
DEPARTMENT OF ASSESSMENT      *
AND TAXATION
301 W. Preston Street      *
Baltimore, MD 21201

and                    *

CAESARS ENTERTAINMENT, INC.      *
Successor in Interest to Caesar's
Licensing Company, LLC      *
One Caesars Palace Drive
Las Vegas, NV 89109      *
Serve On: MARYLAND STATE DEPT
OF ASSESSMENT AND TAXATION      *
301 W. Preston Street
Baltimore, MD 21201      *

     Defendants      *

     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT AND ELECTION FOR JURY TRIAL

Shonae A. Francis, Plaintiff, by Joel G. Fradin, her attorney, sues Caesars License Company, LLC (hereinafter "Caesars") and Eldorado Resorts, Inc., Successor In Interest to Caesar's License Company, LLC (hereinafter "Eldorado"), and Caesars Entertainment, Inc. Successor In Interest to Caesar's License Company, LLC (hereinafter "Entertainment"), Defendants, and says:

1. That at all times hereinafter mentioned, the Horseshoe Baltimore Casino, located at 1525 Russell Street, in Baltimore Maryland, was owned, managed and operated by Defendant Caesars License Company, LLC and its successors in interest, Defendant "Eldorado" and Defendant "Entertainment".

2. That on or about April 28, 2018, the Plaintiff was a business invitee lawfully on the premises of the Horseshoe Casino Baltimore. Plaintiff alleges that, at approximately 4:00 P.M. on the afore-mentioned date, she found it necessary to use one of the ladies rooms on the second floor of the Casino. After she entered the ladies' room, she entered one of the stalls, and turned around, at which time she suddenly slipped and fell backwards, causing her back to strike the toilet seat with such force that the toilet seat partially separated from the wall to which it was attached, and thereby sustaining a severe injury to her back. After she fell, Plaintiff discovered that the floor in the stall was wet, which had caused her to slip and fall. Due to the nature of the floor, the water had been invisible to the Plaintiff before her fall.

3. Plaintiff avers that there were no wet-floor signs or other warnings of any kind anywhere in the bathroom. She further avers that, when she entered the restroom, although there was a female cleaning person, an employee of the Defendant, just inside the entrance, that employee gave no warning to the Plaintiff that the floor was wet anywhere in the bathroom.

4. Plaintiff avers that she later learned, after speaking with an individual who worked there as a housekeeper, that the casino had been having constant plumbing issues in that

2

restroom, over a period of several months, due to a leaking pipe that ran between a men's room and the ladies room in question. He told her that the maintenance department had been aware of the leak for several months, but that, in order to effect the needed repairs, it would have been necessary to shut down the Casino entirely until the job was completed. He told her that management would not agree to a shut-down because the casino is open 24/7, so nothing had been done about the leak prior to Ms. Francis' fall.

5. Plaintiff therefore avers that the Defendants knew, or reasonably should have known, through the imputed knowledge of their agents and employees, that the afore-mentioned leak had existed for a matter of months; that the leak constituted an unreasonable risk of harm to invitees as well as staff; and that Defendant had a reasonable opportunity and a reasonable amount of time prior to the time of Plaintiff's injury in which to either make the needed repairs or, at the very least, place "wet-floor" signs outside the entrance to the rest-room and inside the rest-room as well. Instead, the Defendant made a conscious decision to ignore the afore-described risk of harm, putting its own self-interest ahead of the safety of its customers.

6. Plaintiff contends that Defendants were negligent and breached their duty to her, by failing to promptly take steps to alleviate a known risk of harm to invitees on their premises by repairing the leaking pipe in question before she was injured, even though they had months in which to do so, and by failing to post signs and warnings reasonably calculated to inform invitees that there was a slipping hazzard in the rest-room in question. Moreover, Defendants are bound by the negligence of their female employee who, although in the rest-room when Plaintiff entered, negligently failed to warn her of the presence of water on the floor; and they were otherwise reckless, careless and negligent.

7. Plaintiff alleges that, as a result of the negligence of the Defendants and their employees, she was caused to incur serious, painful and permanent injuries about the head,

3

neck, body and limbs; to sustain severe shock and damage to her nerves and nervous system; to suffer great physical pain and mental anguish; to incur great expense for medical care and treatment; to lose time and earnings from her employment; to lose time from her daily activities; and she was otherwise injured and damaged.

WHEREFORE, Plaintiff claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

JOEL G. FRADIN  CPF#7012010060
Nottingham Center - Suite 730
502 Washington Avenue
Towson, Maryland 21204
(410) 337-9214
(410) 337-9437 (Fax)
jgfradin@verizon.net

Attorney for Plaintiff

4

SHONAE A. FRANCIS     *     IN THE

     Plaintiff     *     CIRCUIT COURT

vs     *     FOR

CAESARS LICENSE COMPANY, LLC     *     BALTIMORE CITY
et.al.

    *     Case No.:

     Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ELECTION FOR JURY TRIAL

Plaintiff elects to have the above-captioned case tried before a jury.

_____

JOEL G. FRADIN

Attorney For Plaintiff